IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES DAVIS, JR., | No. C 05-2337 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | |
| JILL BROWN, et al., | |
| Defendants. | |

Plaintiff, a California prisoner currently incarcerated at San Quentin State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning the conditions of his confinement at San Quentin. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. On October 4, 2005, plaintiff filed a first amended complaint which includes a proposed temporary restraining order and order to show cause to defendants. The amended complaint also contains documentation of plaintiff's prison administrative appeal and letters concerning plaintiff's claims. However, plaintiff does not set forth any substantive claims in the first amended complaint. Therefore, it is unclear to the court whether plaintiff intends to proceed with the first amended complaint or the substantive claims set forth in his original complaint. Accordingly, the court will dismiss the first amended complaint with leave to amend so that plaintiff may include all

of the claims he wishes to present in a second amended complaint, or notify the court that he intends to proceed with the substantive claims in his original complaint, within thirty days of the date of this order.

## DISCUSSION

A.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>Id</u>. at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. <u>Leer</u>, 844 F.2d at 633; <u>Robins v. Meecham</u>, 60 F.3d 1436, 1442 (9th Cir. 1995). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. <u>Leer</u>, 844 F.2d at 634.

\\\

\\\

\\\

B. <u>Plaintiff's First Amended Complaint</u>

Plaintiff filed a first amended complaint on October 12, 2005. Plaintiff's first amended complaint does not allege any substantive claims, but includes a proposed temporary restraining order and order to show cause to defendants. The first amended complaint also contains documentation of plaintiff's prison administrative appeal and letters regarding plaintiff's complaints concerning the prison conditions. The court will dismiss the first amended complaint with leave to amend so that plaintiff may include all of the claims he wishes to present in a second amended complaint, or notify the court that he intends to proceed with the substantive claims in his original complaint, within thirty days of the date of this order.

Plaintiff must allege facts supporting each claim separately in his second amended complaint showing his entitlement to relief from each individual defendant. Plaintiff must be careful to allege specific facts showing the basis for liability for each individual defendant. He should not refer to the defendants as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

## CONCLUSION

1. Plaintiff's first amended complaint is hereby DISMISSED with leave to amend as indicated above. Plaintiff shall file a second amended complaint containing all of the substantive claims he wishes to present, or file a notice with the court that he intends to proceed with the substantive claims in his original complaint, **within thirty days** from the date this order is filed.

2. If plaintiff files a second amended complaint, the second amended complaint must include the caption and civil case number used in this order (C 05-2337 RMW (PR)) and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

1262 (9th Cir.), <u>cert. denied</u>, 113 S. Ct. 321 (1992).  Plaintiff may not incorporate material from the original complaint or first amended complaint, such as supporting documentation of his prison administrative appeal, by reference.  Plaintiff must include all documentation and supporting information with the second amended complaint. **Failure to file a notice with the court or a second amended complaint within the designated time will result in the dismissal of the first amended complaint without prejudice**.

      3.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

      IT IS SO ORDERED.

DATED:   4/21/2006                              /s/ Ronald M. Whyte
                                                RONALD M. WHYTE
                                                United States District Judge

1  This is to certify that on _____5/10/2006_____, a copy of this
   ruling was mailed to the following:
2

3  Ulysses Davis, Jr.
   K-24524
4  San Quentin State Prison
   San Quentin, CA  94974
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\pro-se\sj.rmw\cr.05\Davis337dwlta          5