*E-FILED - 5/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ULYSSES DAVIS, JR., | ) | No. C 05-2337 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| JILL BROWN, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a California prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 concerning the conditions of his confinement at San Quentin State Prison. On October 4, 2005, plaintiff filed a first amended complaint, which was dismissed with leave to amend. On June 16, 2006, plaintiff filed a motion requesting withdrawal of the amended complaint and to proceed with the original complaint. On February 22, 2007, the court granted the motion to withdraw the first amended complaint, and reviewed the original complaint. As it appeared from the original complaint that plaintiff had not previously exhausted his administrative remedies, the court ordered plaintiff to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the

1 prisoner fully exhausts while the suit is pending).

2 On March 13, 2007, plaintiff filed a response to the order to show cause, and on
3 November 9, 2007, submitted a second amended complaint.  As plaintiff has not shown
4 that he exhausted his administrative remedies prior to filing suit, this action is dismissed
5 without prejudice to filing a new action containing claims that have previously been
6 exhausted.

## DISCUSSION

8 The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be
9 brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal
10 law, by a prisoner confined in any jail, prison, or other correctional facility until such
11 administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
12 Exhaustion is mandatory and no longer left to the discretion of the district court.
13 Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731,
14 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that
15 meet federal standards."  Id.  Even when the relief sought cannot be granted by the
16 administrative process, i.e., monetary damages, a prisoner must still exhaust
17 administrative remedies.  Id. at 2382-83 (citing Booth, 532 U.S. at 734).  Finally, the
18 mandatory exhaustion of available administrative remedies is not limited to suits under
19 § 1983, but to any suit challenging prison conditions.  Id. at 2383 (citing Porter v. Nussle,
20 534 U.S. 516, 524 (2002)).

21 The PLRA exhaustion requirement requires "proper exhaustion" of available
22 administrative remedies.  Id. at 2387.  The plain language of the PLRA requires that prior
23 to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. §
24 1997e(a).  The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be
25 dismissed unless the prisoner exhausted his available administrative remedies *before* he or
26 she filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney v.
27 Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

28 In his original complaint, plaintiff states that his administrative appeals at the

1  second and third formal levels are "still pending." See Complaint (docket no. 1) at 2.
2  Therefore, it appears that plaintiff admits his administrative remedies were not exhausted
3  prior to his filing the instant complaint. In his first amended complaint, plaintiff filed
4  supporting documentation from his prison administrative appeal showing that the
5  Director's level appeal decision was decided on August 19, 2005, after plaintiff filed the
6  instant civil rights complaint on June 9, 2005.

7  In his March 9, 2007 response to the order to show cause, plaintiff states that he
8  filed five "602 appeals" against the five prison officials whom he alleges assaulted him,
9  and that these appeals were denied by the "appeals coordinator." (Pl. Response to Order
10 to Show Cause at 2.)  He does not indicate the date on which these appeals were filed,
11 does not attach them to his complaint, nor does he allege that they were filed prior to
12 filing the instant action. Furthermore, as he states that they were rejected by the "appeals
13 coordinator," who decides appeals at the penultimate level of review, it appears that he
14 did not fully exhaust these appeals to the Director's level, the highest level of available
15 review.  (Id.)

16 Plaintiff further states that he "then filed one 602 appeal" against one of the prison
17 guards, he did not proceed past the "formal level of review."  (Id.)  Again, plaintiff does
18 not specify the date of this appeal, nor does he indicate the formal level of review in
19 which he filed it.  Plaintiff does state that this appeal was then "filed" with this court.
20 (Id.)  Therefore, it appears that this appeal was one of the appeals referenced in the
21 original complaint or attached to the first amended complaint, which, for the reasons
22 discussed above, was not exhausted prior to filing suit.  His conclusory statement that
23 "that the administration would not let it go further" (id.) does not establish that it was
24 filed prior to suit, nor that the appeal relieved him of the obligation to pursue it to the
25 Director's level of review.  See Booth, 532 U.S. at 741 n.6 (stating court "will not read
26 futility or other exceptions into statutory exhaustion requirements").

27 Finally, plaintiff's response to the order to show cause states that he filed "nine
28 602s" after September 2006, although he does not describe or attach them.  (Id.)  Even if

1  these appeals did pertain to the claims raised herein, and even if they were eventually
2  exhausted and pertained to the claims raised herein, they were not filed prior to the filing
3  of this suit.  As such, they do not satisfy the exhaustion requirement under McKinney.
4      Plaintiff has also submitted a second amended complaint, but it does not address
5  the exhaustion question at all.  Several administrative appeals are attached to the proposed
6  second amended complaint, but these appeals are all from 2007, long after the instant
7  action was filed.
8      In sum, plaintiff's complaint indicates that he had not exhausted his claims prior to
9  filing this action, and his response to the order to show cause does not indicate otherwise.
10  As plaintiff had not exhausted his claims prior to filing the complaint in this matter, the
11  complaint will be dismissed without prejudice.  Plaintiff may file a new complaint in a
12  new case after he has exhausted California's prison administrative process.

## CONCLUSION

14     Accordingly, the instant action is DISMISSED without prejudice to filing a new
15  complaint in a new case containing claims that have been exhausted through California's
16  prison administrative process.
17      The clerk shall enter judgment, terminate any pending motions and close the file.
18      IT IS SO ORDERED.
19  DATED: 5/23/08          /s/ Ronald M. Whyte
                            RONALD M. WHYTE
20                          United States District Judge

Order of Dismissal
G:\PRO-SE\SJ.Rmw\CR.05\Davis337disexh.wpd          4